## BARLOW v. RIKER.

1. JUSTICES OF THE PEACE — REPLEVIN — ADJOURNMENTS — JURISDICTION—NONSUIT—JUDGMENT.

Where, in replevin before a justice, the parties fail to appear on the adjourned day, if the justice has no intimation that the parties have agreed on an adjournment, it is his duty to render a judgment of nonsuit, with a return of the property. Comp. Laws, §§ 836, 10679.

2. MANDAMUS—REVIEW—CONCLUSIVENESS OF SHOWING.

Where no issue is joined on relator's showing for mandamus against a justice of the peace, the statements contained in his affidavit must be considered as true.

3. JUSTICES OF THE PEACE—ADJOURNMENTS—STIPULATIONS.

Where a case pending in a justice's court was adjourned to a particular day, whereupon plaintiff procured defendant's con-

sent to a further adjournment, it was plaintiff's duty to appear before the justice and have the case adjourned.

4. SAME—JURISDICTION—NONAPPEARANCE OF PARTIES.

An action of replevin before a justice of the peace was adjourned to December 29, 1903. Thereafter, at the request of counsel for plaintiff, two oral agreements were made by counsel to adjourn the case—one to March 2, 1904, and the other indefinite. These were not brought to the justice's attention until June 27, 1904, when defendant's counsel presented a stipulation for the adjournment of the cause to July 22, 1904. *Held*, that the justice did not lose jurisdiction of the cause by reason of the nonappearance of the parties on December 29th.

5. SAME—REPLEVIN—JUDGMENT—ENTRY—MANDAMUS.

Where a justice's docket shows that he called a replevin case on the adjourned day, waited one hour, and that neither party appeared, there are facts shown which are the equivalent of the oral announcement of judgment of nonsuit and for return of the property as provided by Comp. Laws, §§ 836 and 10679, and defendant's demand that such judgment be formally entered should be complied with, and on refusal may be enforced by mandamus.

Certiorari to Barry; Smith, J. Submitted December 14, 1904. (Calendar No. 20,768.) Decided December 22, 1904.

Mandamus by Edwin Barlow to compel Marcus W. Riker, justice of the peace, to render a judgment of nonsuit in an action of replevin. There was an order denying the writ, and relator brings certiorari. Reversed.

*Thomas & Pryor* and *Thomas Sullivan*, for relator.

*Colgrove & Potter*, for respondent.

HOOKER, J. Triphena Goodenough replevied two cows in a suit commenced before a justice of the peace, by writ returnable October 27, 1903. Proceedings seem to have been regular up to December 7, 1903, when the case was adjourned to December 29, 1903, upon the filing of a written stipulation to that effect signed by Frod W. Walker,

attorney for the plaintiff, and by Charles H. Thomas and Thomas Sullivan, attorneys for the defendant. The docket entries and answer of the respondent show that these counsel had appeared upon the return and adjourned day, as such attorneys, and that neither had questioned the authority of the others to appear in such capacity. The affidavit filed with the application for mandamus shows, and we think it is not disputed, that, at the request of counsel for the plaintiff, two oral agreements were made by counsel to adjourn the case—one to March 2, 1904, and the other indefinite—to defer the trial until the plaintiff should recover from an illness. These were not brought to the attention of the justice until June 27, 1904, when defendant's counsel appeared and presented a written stipulation, signed by said counsel, consenting that said cause should be adjourned to said 22d day of July. On the last-mentioned day no one appeared for the plaintiff, and counsel asked a judgment of nonsuit and for the return of the property. This the justice refused upon the ground that he had lost jurisdiction to make such entry. His return shows that neither party appeared on December 29th, and his docket shows that he called the cause regularly on that day, and neither party appeared, although he held the case open for more than one hour. This entry is all that appears of that date. It was the last entry made. No pleadings were filed in the case. His answer shows that on July 22d he offered to enter judgment dismissing said suit as of December 29th, and that defendant's counsel objected to his doing so. On December 29th the justice had jurisdiction of the case, and, having called the case and no one appearing, if he had no intimation that the parties had agreed upon an adjournment, it was his duty to render a judgment of nonsuit, with a return of the property, under 1 Comp. Laws, § 836, which provides that judgment of nonsuit, with costs, shall be rendered against a plaintiff if he fail to appear within one hour after the time to which an adjournment shall be made, and section 10679, 3 Comp. Laws, which

138 MICH.—39.

provides, in substance, that if the property specified in the writ shall have been taken thereunder, and delivered to the plaintiff, and the defendant recover judgment by discontinuance or nonsuit, such judgment shall be that the defendant have return of the goods and chattels replevied, unless he shall elect to waive such return. The justice has no right to omit such judgment upon the theory that the omission of the parties to appear divested him of jurisdiction in the matter.

The answer of the justice does not contradict the showing made for a mandamus as to what occurred between December 29th and June 27th, and no issue was joined thereon; hence, under the rule, the statements contained in the affidavit must be taken as true, and we must understand that the plaintiff prevented defendant from asking a judgment on December 29th by previously asking the favor of, and agreeing upon, an adjournment. It was plaintiff's duty to appear and have the case adjourned on that day.

Again, before March 2d the parties agreed upon an adjournment, which was left indefinite as to time, but which was made definite on June 27th, when they stipulated in writing that the case should be adjourned to July 22d.

The justice did not lose jurisdiction by reason of the nonappearance of the parties on December 29th. If he lost jurisdiction then, it was by reason of his failure to render any judgment on that day. We should not say this if there is evidence which justifies the inference that a judgment was rendered.

If we indulge in the usual leniency of criticism which the law requires in regard to justices' proceedings and records, we may reasonably infer that when the justice had waited an hour, and neither party appeared, he knew that the plaintiff was not entitled to a judgment, and that his suit was at an end; that a judgment of nonsuit must follow, under 1 Comp. Laws, § 836; and that an order for the return of the property was unavoidable, under 3 Comp. Laws, § 10679.

Had the defendant appeared later in the day, and demanded, not the oral rendition of a formal judgment orally, but an entry of such, based on the claim that the facts shown in the record were equivalent to the announcement of such a judgment, we cannot doubt that he would have been entitled to it; and, had such an application been opposed by the plaintiff merely on the ground that the justice had omitted to orally announce, the formal though necessary consequence of the finding of facts entered in the docket, we would consider it a most technical claim. The record that he made shows a judicial determination at the proper time of facts which necessarily required a judgment of nonsuit and a return of the property, and left nothing to do but to enter the judgment in proper form at a convenient time.

Doubtless the justice should have put the judgment indicated in formal shape by entering the statement that the judgment was for nonsuit and a return of the property, but this being practically announced either orally, or by entering in the docket the facts which are equivalent to it, the formal entry might lawfully be made later (see Tiff. Justice's Guide, p. 470); and if he refused, an application for mandamus to compel it, made soon after, would have been granted. Under the circumstances of this case, we should not refuse it on the ground that he was not present, or that he did not move earlier.

We think that the order of the circuit judge should be reversed. The writ will issue.

The other Justices concurred.